## DETROIT INTERNATIONAL BRIDGE CO. *v.* CORPORATION TAX APPEAL BOARD OF MICHIGAN.

No. 272.   Argued December 14, 1934.—Decided January 14, 1935.

*Mr. Victor W. Klein,* with whom *Messrs. Alfred A. Cook* and *Thomas G. Long* were on the brief, for appellant.

*Mr. Patrick H. O'Brien,* Attorney General of Michigan, and *Mrs. Alice E. Alexander* for appellee.

Mr. Justice McReynolds delivered the opinion of the Court.

Appellant, incorporated under the laws of Michigan, owns and operates an international highway bridge across the Detroit River. That State demanded that it pay, for 1933, the tax laid by the Act of 1921 as amended, (85 Public Acts 1921, 175 Public Acts 1929) which requires that " every corporation organized or doing business under the laws of this state . . . shall . . . for the privilege of exercising its franchise and of transacting its business within this state, pay . . . an annual fee . . . upon each dollar of its paid up capital and surplus . . ."; but no property or capital located without the state " and none of the capital or surplus of such corporation represented by property exclusively used in interstate commerce, shall in any case enter into the computation . . ."

The Supreme Court of the State sustained the tax. A reversal is sought upon two grounds.

That " the only power it [the corporation] has is to engage exclusively in foreign commerce "; to tax the privilege of doing this would burden such commerce and offend the Federal Constitution.

Also, that if the corporation is subject to the challenged tax, the statute requires the capital represented by the bridge structure to be excluded from the computation since this is used exclusively in foreign commerce.

The imposition has been characterized by the court below as " a privilege tax imposed as an incident to the right to be a corporation, and exercise corporate functions by means of paid-up capital and surplus." *In re Detroit & Windsor Ferry Co.*, 232 Mich. 574; 205 N. W. 102; *In re Detroit International Bridge Co.*, 257 Mich. 52; 240 N. W. 68; *Michigan* v. *Michigan Trust Co.*, 286 U. S. 334; *Anglo-Chilean Nitrate Sales Corp.* v. *Alabama*, 288 U. S. 218. It held the provision of the statute excluding from the computation all property used exclusively in interstate

commerce [and foreign commerce] inapplicable, since the company "is not engaged in foreign commerce and its property is not so used by it."

In *Detroit International Bridge Co.* v. *Corporation Tax Appeal Board,* 287 U. S. 295, we considered appellant's claim to exemption from the demand for 1930, under the same statute. It there appeared that in addition to general power to own and operate the bridge, and do whatever is related to that enterprise, the corporation had authority to carry on other business in Michigan and elsewhere. "It has failed to establish that it has no power to carry on any business that is not within the protection of the commerce 'clause." Consequently we did not consider whether it was engaging in foreign commerce, but affirmed the judgment below upholding the tax.

Subsequently to our decision, and prior to the tax year 1933, the corporate charter was amended. The powers were limited and stated thus—

"To operate the highway bridge, known as the Ambassador Bridge, across the Detroit River, from Detroit, Michigan, to Sandwich, Province of Ontario, Canada, and the approaches and the appurtenances thereto, and to own all or part of said bridge and approaches and appurtenances thereto.

"To maintain and operate said bridge and approaches and appurtenances thereto for the use of vehicular and pedestrian traffic, and to charge and collect tolls for such use."

The record discloses that the appellant owns, maintains and operates a bridge between Michigan and Canada across the Detroit River; that for passing over this it demands and collects tolls from vehicles and pedestrians. It "conveys no persons or goods across the international boundary line. It merely collects tolls from such persons as use it [the bridge]. It provides an instrumentality which others may use in conducting foreign commerce."

Unless by reason of what appellant is now shown to do, it engages in foreign commerce, then, considering our ruling upon the appeal challenging the tax for 1930—287 U. S. 295—clearly, the judgment below must be affirmed. The argument for reversal is, of course, ineffective if ownership and operation of the bridge do not constitute foreign commerce.

After much consideration, and notwithstanding emphatic dissent, *Henderson Bridge Co.* v. *Kentucky,* 166 U. S. 150, held that a Kentucky Corporation which owned and operated a bridge over the Ohio River between that State and Indiana, and collected compensation from railroads using the structure, was not engaged in interstate commerce. By Chief Justice Fuller this Court said (p. 153):

" The company was chartered by the State of Kentucky to build and operate a bridge, and the State could properly include the franchises it had granted in the valuation of the company's property for taxation. *Central Pacific Railroad* v. *California,* 162 U. S. 91. The regulation of tolls for transportation over the bridge considered in *Covington & Cincinnati Bridge Co.* v. *Kentucky,* 154 U. S. 204, presented an entirely different question.

" Clearly the tax was not a tax on the interstate business carried on over or by means of the bridge, because the bridge company did not transact such business. That business was carried on by the persons and corporations which paid the bridge company tolls for the privilege of using the bridge."

We find no adequate reason for departing from the view so expressed. The judgment of the court below must be

*Affirmed.*

MR. JUSTICE STONE and MR. JUSTICE CARDOZO concur in the result.