## FOSTER v. NATIONAL BISCUIT CO.

### No. 124.

District Court, W. D. Washington, N. D.

Feb. 20, 1940.

Davis & Groff, of Seattle, Wash., for plaintiff.

Venables & Lawrence, of Seattle, Wash., for defendant.

Bert H. Miller, of Seattle, Wash., amicus curiae.

BLACK, District Judge.

This matter has come on before the Court upon defendant's motion to dismiss the above-entitled cause on the ground that the Court has no jurisdiction thereof in that it appears on the face of the complaint that the matter in controversy does not exceed or equal the sum or value of $3,000. The plaintiff has brought suit against the defendant alleging that he is invoking the jurisdiction of the Court under the provisions of the Act of June 25, 1938 (S. 2475, Public No. 718, 75th Congress, 52 Stat. 1060, U.S.Code Supp. IV, Title 29, §§ 201–219, 29 U.S.C.A. §§ 201–219). Plaintiff claims $261.12 as the amount due him for time worked in excess of forty-four hours per week, and an equal amount for liquidated damages, together with interest, and in addition, for costs and attorneys' fees.

The complaint alleges that during all the times mentioned therein that "the defendant was a foreign corporation doing business in the State of Washington and operating a biscuit company in interstate commerce." However, the complaint alleges nothing further in that respect.

It is the position of the plaintiff and of the amicus curiae that this action is a suit or proceeding arising under a law of the United States regulating interstate commerce and that, therefore, same is within the jurisdiction of the United States District Court, irrespective of whether or not the matter in controversy equals or exceeds the sum or value of $3,000.00.

The defendant suggests that there is nothing in the complaint which brings the plaintiff within the provisions of Section 7(a) of the Fair Labor Standards Act. Section 7(a) of the Fair Labor Standards Act provides:

"No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

"(1) for a workweek longer than forty-four hours during the first year from the effective date of this section, * * *

"(3) * * *

unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Section 7(a) clearly applies only to those employees who are engaged in inter-

state commerce or in the production of goods for interstate commerce. The Act implies that a corporation which is engaged in interstate commerce or which is producing goods for interstate commerce may likewise, as a part of its business, be engaged in purely intrastate commerce as regards such portion of its business. Some employees of such employer might be concerned solely with the intrastate business of the employer and therefore not subject to the provisions of said Section 7(a).

■ Plaintiff and amicus curiae both submit that the defendant had only interposed a motion to dismiss the action because $3,000 was not involved. ,However, when it does appear that a plaintiff has failed in his complaint to state facts sufficient to give jurisdiction to a Federal District Court by reason of failure to state facts sufficient to constitute any cause of action certainly the Court would have a right, even upon its own motion, to dismiss the complaint.

■ Since plaintiff has merely alleged that the defendant is a foreign corporation engaged in interstate commerce it follows that the complaint is not now sufficient under the reasoning of the following cases: Louisville & Nashville R. Co. v. Rice, 247 U.S. 201, 38 S.Ct. 429, 62 L.Ed. 1071; Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir., 85 F.2d 742; Federal Trade Comm. v. American Tobacco Co., 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696, 32 A.L.R. 786.

In Interpretative Bulletin No. 1, issued by the office of the General Counsel for the Wage and Hour Division of the United States Department of Labor (released October 12, 1938), it is said: "It is noted that the coverage as described in Sections 6 and 7 does not deal in a blanket way with industries as a whole. Thus, in Section 6, it is provided that every employer shall pay the statutory minimum wage to 'each of his employees who is engaged in commerce or in the production of goods for commerce.' It thus becomes an individual matter as to the nature of the employment of the particular employee. Some employers in a given industry may not be subject to the Act at all; other employers in the industry may be subject to the Act in respect to some of their employees, and not others; still other employers in the industry may be subject to the Act in re-

spect to all their employees, except those specifically exempted by the later provisions of Section 13(a)."

Until plaintiff's complaint alleges facts sufficient to constitute a cause of action in some Court no ruling is called for on the question of whether or not this District Court will take jurisdiction of a suit to recover less than $3,000.

Plaintiff is granted permission to amend his complaint.