## BAGGETT v. HENRY FISCHER PACKING CO.

District Court, W. D. Kentucky.
Feb. 24, 1941.

---

[1] No opinion for publication.

Herman Cohen, Marvin Fisher, and Stanley Williams, all of Louisville, Ky., for plaintiff.

Woodward, Dawson & Hobson, of Louisville, Ky., for defendant.

MILLER, District Judge.

The plaintiff, Lawrence Baggett, brought this action to recover of the defendant wages which he alleges the defendant owes to him by reason of the provisions of the Fair Labor Standards Act of 1938 dealing with minimum wages and maximum hours, 29 U.S.C.A. §§ 201 through 219. The action was filed on behalf of himself and all other employees of the defendant similarly situated.

The complaint alleges that prior to October 24, 1938, the effective date of the Act he was employed by the defendant at a wage of 45 cents per hour for 48 hours per week, and that he continued at his employment from October 24th, 1938, to June 21, 1940, when he left the defendant's employment. Plaintiff seeks recovery in the sum of $847.80 as compensation for overtime employment under the provisions of the Act. The defendant has filed an answer which by paragraphs 1 and 2 asks that the complaint be dismissed in that the facts alleged in the complaint are not sufficient to constitute a cause of action either on behalf of the plaintiff or on behalf of other employees of the defendant. Paragraphs 3 through 8 raise issues of fact which will be decided later if the complaint either as it now stands or as possibly amended states a cause of action.

In support of its motion to dismiss the defendant contends that the plaintiff has no cause of action unless he was engaged in commerce or in the production of goods for commerce, irrespective of the fact that the defendant was engaged in commerce, and that the complaint does not state that the plaintiff was so employed. Sections 6 and 7 of the Act, Sections 206 and 207, Title 29 U.S.C.A., which controls the situation, provide as follows:

"(6) (a) Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates—

"(1) during the first year from the effective date of this section, not less than 25 cents an hour,

"(2) during the next six years from such date, not less than 30 cents an hour."

"(7) (a) No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

"(1) for a workweek longer than forty-four hours during the first year from the effective date of this section,

"(2) for a workweek longer than forty-two hours during the second year from such date."

672

From the above it will be seen that the Act specifically requires that in order for an employee to come within its provisions he must be engaged in commerce ·or in the production of goods for commerce. It is not sufficient that the defendant employer be engaged in commerce, as it is well recognized that although a company or corporation may be engaged in commerce generally, yet some of its activities may be so segregated and apart from its other activities and be of such a nature that it is purely intrastate business and not subject to Federal regulation by statute. New York Central R. Co. v. White, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667, L.R.A. 1917D, 1, Ann.Cas.1917D, 629; Shanks v. Delaware Lackawanna & Western R. Co., 239 U.S. 556, 36 S.Ct. 188, 60 L.Ed. 436, L.R.A.1916C, 797; Pedersen v. Delaware Lackawanna & Western R. R. Co., 229 U.S. 146, 33 S.Ct. 648, 57 L.Ed. 1125, Ann.Cas.1914C, 153. Accordingly, "it is obvious that the applicability of Section 6, covering minimum wages and of Section 7, covering maximum hours, depends upon the nature of the employment of the individual employee," from which it follows ·that "some employees in any given business enterprise may be covered by the Fair Labor Standards Act and others not." See Wood v. Central Sand & Gravel Co., D.C.W.D.Tenn., 33 F.Supp. 40, 46. This is the same construction of the Act as was given to it by the General Counsel for the Wages and Hour Division of the United States Department of Labor as shown by its Interpretative Bulletin #1, released October 12, 1938, wherein he rules as follows:

"It is noted that the coverage as described in Sections 6 and 7 does not deal in a blanket way with industries as a whole. Thus, in Section 6, it is provided that every employer shall pay the statutory minimum wage to 'each of his employees who is engaged in commerce or in the production of goods for commerce.' It thus becomes an individual matter as to the nature of the employment of the particular employee. Some employers in a given industry may not be subject to the Act at all; other employers in the industry may be subject to the Act in respect to some of their employees, and not others; still other employers in the industry may be subject to the Act in respect to all their employees, except those specifically exempted by the later provisions of Section 13(a) [29 U.S. C.A. § 213(a)]."

The following two District Court cases have also recently ruled to the same effect: Foster v. National Biscuit Co., D.C.W.D.Wash., 31 F.Supp. 552;. Gates v. Graham Ice Cream Co., D.C.Neb., 31 F. Supp. 854. The complaint alleges facts which may be sufficient to sustain a ruling that the defendant was during the time stated engaged in commerce, but it states very few facts about the character of the plaintiff's employment. It states that the defendant employed about one hundred persons in the handling, manufacturing, and shipping of meat products for interstate commerce and that the employment of said persons did not comply with the statutory provisions. It does not state that the plaintiff was one of those so employed. In a subsequent paragraph it merely states that the plaintiff and others similarly situated "were employed by the defendant at an hourly wage scale at 45 cents per hour and 48 hours per week, etc.," and that he worked as an employee of the defendant from October 24, 1938, ·through June 21, 1940, for a total of 4,720 hours of which 1,256 hours was overtime. Defendant contends that this failure to specifically state that the plaintiff was one of the employees engaged in commerce is not mere inadvertence, because as a matter of fact the plaintiff had nothing to do with the handling and processing of meat products but was employed in a capacity entirely separate and distinct from that part of defendant's business concerned with commerce.

Since the complaint claims jurisdiction of the Federal Court by virtue of the provisions of the Fair Labor Standards Act it is necessary that it state sufficient· facts to show that such jurisdiction exists. As above pointed out one of those facts is that the plaintiff, as well as the defendant, be engaged in commerce or the production of goods for commerce. That fact may or may not exist in the present case, but it is not alleged to exist by the present allegations of the complaint. As held in Gates v. Graham Ice Cream Co., supra, such an allegation is required. in order to confer jurisdiction over the action as a case arising under the Fair Labor Standards Act. Unless the "complaint is amended to comply with this requirement, the motion to dismiss will be sustained. The plaintiff will be given ten days to amend and upon

his failure so to do within the time allowed the motion to dismiss will be sustained. No action is taken upon the motion at the present time.