**OVERSTREET et al. v. NORTH SHORE CORPORATION et al.**

No. 393.

District Court, S. D. Florida, Jacksonville Division.

Oct. 30, 1941.

Dillon Hartridge and John W. Lee, both of Jacksonville, Fla., for plaintiff.

W. Gregory Smith and R. R. Axtell, both of Jacksonville, Fla., for defendant.

Chas. H. Spitz, Associate Wage & Hour Atty., of Jacksonville, Fla., amicus curiae.

WALLER, District Judge.

The Fair Labor Standards Act, 1938, 29 U.S.C.A. § 201 et seq., provides that employees engaged in interstate commerce or in the production of goods for commerce shall be paid the minimum wage and shall be paid time and a half for overtime. It does not provide that employees engaged in a business that affects interstate commerce, or in an instrumentality used by others for interstate commerce, shall be paid the minimum wage or time and a half. The employees in this case were maintaining a toll road. Neither the employees nor the employer were engaged in interstate commerce under the decision of the United States Supreme Court in Detroit International Bridge Company v. Corporation Tax Appeal Board, 294 U.S. 83, 55 S.Ct. 332, 333, 79 L.Ed. 777. In the latter case the bridge company was operat-

ing an international toll bridge from Michigan to Canada and claimed an exemption from taxation of the annual franchise tax of the State of Michigan. The Michigan Statute exempted from the tax the "capital or surplus of such corporation represented by property exclusively used in interstate commerce." Pub.Acts Mich.1921, No. 85, § 5, as amended by Pub.Acts 1929, No. 175. The bridge company contended that since it maintained a toll bridge over which interstate and foreign commerce traveled no tax would be due under the exemption above quoted. The Supreme Court in the above-cited case quoted approvingly the following language from the case of Covington & Cincinnati Bridge Co. v. Kentucky, 154 U.S. 204, 14 S.Ct. 1087, 38 L.Ed. 962:

"Clearly, the tax was not a tax on the interstate business carried on over or by means of the bridge, *because the bridge company did not transact such business. That business was carried on by the persons and corporations which paid the bridge company tolls for the privilege of using the bridge.*" (Italics supplied.)

It is difficult to find clearer language. The question involved is whether the road company, and consequently its employees, was engaged in interstate commerce. If it were, the Fair Labor Standards Act would apply. If it were not, it could not apply. There is no distinction between a toll bridge and a toll road. The Supreme Court of the United States has held that the operators of a toll bridge were not engaged in interstate commerce. This decision is, of course, binding on this Court.

Congress had the power to have provided that those engaged in operation of a facility used by others in interstate commerce would be subject to regulation, but Congress did not so provide. The Court cannot legislate.

I consider the drawbridge merely a component part of the toll road. It was put there for the use of the highway and not for the use of the canal or river.

I am of the opinion, however, that the employees of the defendant engaged in the maintenance and operation of the telephone line, while so engaged, were under the Fair Labor Standards Act.

In view of the numerous motions, interrogatories, and objections to interrogatories, pending, the Court is of the opinion that the motion to dismiss the complaint should be, and the same is hereby, sustained, with leave to the plaintiffs to file an amended complaint in behalf of the employees engaged in maintenance and operation of the telephone line, and that only interrogatories pertinent to issues in such complaint as amended be propounded to defendants, and that the plaintiffs have twenty days from the date hereof in which so to amend, and that the defendants shall have twenty days thereafter in which to file their defensive pleadings.