**OVERSTREET et al. v. NORTH SHORE CORPORATION et al.**

**No. 10184.**

Circuit Court of Appeals, Fifth Circuit.

May 28, 1942.

Rehearing Denied June 30, 1942.

Dillon Hartridge, of Jacksonville, Fla., for appellants.

W. Gregory Smith and R. R. Axtell, both of Jacksonville, Fla., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The North Shore Corporation owns and operates a toll road that lies wholly within the bounds of Duval County, Florida. The road connects U. S. Highway No. 17, and crosses the Intercoastal Waterway, a navigable stream, by means of a drawbridge. It is traversed by vehicles in interstate and intrastate commerce, is used as a route for mail deliveries, and the drawbridge is in frequent operation to permit passage of vessels moving in interstate and foreign commerce along the Intercoastal Waterway. Appellants are three employees of the corporation whose duties are, respectively, to tend the draw-bridge, to collect tolls from users of the road, and ·to repair and maintain the road. The sole question for decision is whether these employees are engaged in commerce within the meaning of Sections VI and VII of the Fair Labor Standards Act, 29 U.S.C.A. §§ 206, 207.

In view of the legislative history of the Act and the precise language in· which it is drafted, the courts have considered it plain that Congress did. not intend for the phrase, "engaged in commerce", to be ex- ·panded by construction to embrace employees engaged in the performance of duties merely affecting, burdening, or obstructing interstate commerce; and decisions under other and broader legislation enacted by Congress pursuant to the power to regulate commerce have ·no application here.[1] Our inquiry, therefore, is whether these employees, tested by the character of the services they performed, actually were engaged in interstate commerce.[2]

We think the decision of the Supreme Court in the case of Henderson Bridge Co. v. Kentucky, 166 U.S. 150, 17 S.Ct. 532, 41 L.Ed. 953, which was followed by a unanimous court in the case of Detroit International Bridge Co. v. Tax Board, 294

[1] Federal Trade Commission v. Bunte Bros., 312 U.S. 349, 61 S.Ct. 580, 85 L. Ed. 881; Jewel Tea Co. v. Williams, 10 Cir., 118 F.2d 202; Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172; Swift & Co. v. Wilkerson, 5 Cir., 124 F.2d 176.

[2] Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172; Swift & Co. v. Wilkerson, 5 Cir., 124 F.2d 176; Baggett· v. Henry Fischer Packing Co., D.C., 37 F.Supp. 670; Fleming v. A. B. Kirschbaum Co., D.C., 38 F.Supp.· 204.

U.S. 83, 55 S.Ct. 332, 79 L.Ed. 777, is decisive of the narrow issue here presented. In the Henderson Bridge case it was held that a company owning and operating a toll bridge that was used exclusively for interstate traffic was not engaged in interstate commerce; that only those who used the bridge and paid the tolls were engaging in interstate commerce. The Detroit Bridge case held that the ownership and operation of a bridge spanning the Detroit River between the United States and Canada did not constitute engaging in foreign commerce. In both cases the bridges involved crossed navigable streams.

On the authority of these decisions, we hold that these appellants were not engaging in interstate commerce and were not within the coverage of the Fair Labor Standards Act. If the North Shore Corporation, the employer, was not engaging in interstate commerce by virtue of owning and operating the toll road, certainly those employees whose duties consisted in executing the business of the company were not engaging in interstate commerce.

The judgment entered below dismissing the complaint is affirmed.