## PATTERSON v. ALLIED CHEMICAL & DYE CORPORATION.

### Civil Action No. 3082.

District Court, W. D. New York.

Jan. 15, 1947.

Raichle, Tucker & Moore, of Buffalo, N. Y. (James O. Moore, Jr., of Buffalo, N. Y., of counsel), for plaintiff.

Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y. (Lyman M. Bass, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

Defendant moves to dismiss the complaint herein on the following grounds:

"The grounds for this motion are that it appears on the face of the complaint * * * that the jurisdiction of this Court depends upon Section 16(b) of the Fair Labor Standards Act of 1938 [29 U.S.C.A. § 216(b)] and Section 41(8) [of 28 U.S.C.A., Section 24(8)] of the Judicial Code (paragraph 6), and that the complaint does not state facts from which the Court can determine jurisdiction under said Section 16(b) of the Fair Labor Standards Act and said Section 41(8) [of 28 U.S.C.A., Section 24(8)] of the Judicial Code, because it fails to state facts from which the Court can de-

termine that plaintiff, and the others in whose behalf he claims to sue, were engaged by defendant or its predecessor, National Aniline and Chemical Company, Inc., in commerce or in the production of goods for commerce."

In defendant's reply memorandum it is said: "Defendant's motion is made pursuant to the provisions of Rule 12(b) (1) of the Federal Rules of Civil Procedure [28 U.S.C.A. following Section 723c] on grounds stated in Rule 8(a) (1) of said Rules and does not involve Rule 12(b) (6) or Rule 8(a) (2)."

Rule 12(b) (1) provides: "Every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter."

Rule 8(a) (1) provides: "A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it."

The complaint alleges: "6. This action arises under the Act of Congress entitled 'Fair Labor Standards Act of 1938' * * * Jurisdiction is conferred upon this court by Section 16 b of said Fair Labor Standards Act of 1938 and by Section 41(8) of the Judicial Code."

Section 16(b) of said Act, Tit. 29 U.S.C.A. § 216(b), provides:

"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. * * *"

Section 41(8) of the Judicial Code provides:

"The district courts shall have original jurisdiction as follows * * * (8) * * * Of all suits and proceedings arising under any law regulating commerce."

The complaint alleges: "2. On or about August 20, 1946, plaintiff was designated as Agent and Representative of the employees of the defendant corporation and its predecessor, National Aniline and Chemical Company, Inc., listed in Schedule 'A' * * * to assert, maintain and prosecute this action for and on behalf of such employees * * *. 3. This action is brought by the plaintiff for and in behalf of himself and as Agent and as Representative for and in behalf of all of the other employees of the defendant at the Buffalo, New York, plant of the National Aniline Division of the defendant corporation, pursuant to the provisions of Section 16 b of the Fair Labor Standards Act of 1938."

Schedule A contains a list of 1408 names with clock numbers.

Section 206(a) of the Act provides:

"Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates—."

Section 207(a) thereof provides:

"No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—" longer than the hours therein specified.

Section 203 of the Act thus defines "commerce": "(b) 'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof."

"The Act by its terms is limited to employees engaged in interstate commerce or in the production of goods for interstate commerce. It does not extend to employment that merely affects interstate commerce. If there could be doubt as to the correctness of this interpretation, it is set at rest by the legislative history of the

Act." Jewel Tea Co. v. Williams, 10 Cir., 118 F.2d 202, 206.

If the complaint does not allege that plaintiff and those employees he represents were engaged in interstate commerce or in the production of goods for interstate commerce, it may be dismissed. Foster v. National Biscuit Co., D.C., 31 F.Supp. 552, 553.

The complaint alleges that plaintiff, from October 24, 1940, to October 31, 1941, at the Buffalo, N. Y., plant of National Aniline & Chemical Co., Inc., and since November 1, 1941, at defendant's Buffalo, N. Y., plant, has been "engaged in the production of chemicals and dyes for shipment in Interstate Commerce and in an occupation necessary for the production of chemicals and dyes for shipment in Interstate Commerce"; that, from October 24, 1940, to October 31, 1941, certain of the persons listed in Schedule A were employees of National Aniline & Chemical Co., Inc., at its Buffalo, N. Y., plant so engaged; that all the persons listed in Schedule A are now and for some time past have been defendant's employees so engaged at its Buffalo, N. Y., plant.

The complaint further alleges that, at all times mentioned prior to November 1, 1941, National Aniline & Chemical Co., Inc., was a New York Corporation, engaged at its Buffalo, N. Y., plant "in the manufacture, production and distribution of chemicals and dyes for shipment in Interstate Commerce," the major part of which "were shipped and delivered in Interstate Commerce by (it) to places outside of the State of New York"; that thereafter, the defendant New York corporation became vested with all the rights and assumed all the liabilities of National Aniline & Chemical Co., Inc., and, at said Buffalo, N. Y., plant, "has been and still is engaged in the production and distribution for shipment in Interstate Commerce of chemicals and dyes, including, among other things, coal tars, dyes, intermediates for dyes, pharmaceuticals, detergents and other similar substances. The major part of the chemicals and dyes manufactured, produced and distributed by the defendant at said Buffalo plant were and still are shipped and delivered in Interstate Commerce to places outside of the State of New York."

"The complaint must clearly show not only an obligation on the defendants to pay the plaintiff employee his wages, but further state a violation of Sections VI or VII (29 U.S.C.A. §§ 206, 207) of the Act." Maddox v. Jones, D.C., 42 F.Supp. 35, 39.

The complaint alleges that (Par. 8) from October 24, 1940, to present time, the work week at said Buffalo plant has been at least 40 hours; that plaintiff and the other employees involved were employed at said plant and "worked at least a full forty (40) hour week between the scheduled starting times and the scheduled quitting times of their respective shifts"; that (Par. 9), "During all times mentioned, they were required to handle or work in the vicinity of certain chemicals such as nitrate benzol and aniline and other dyes and chemicals which are deleterious to clothing and tend to impregnate anything with which they come in contact"; that such impregnated clothes "cause damage to other substances with which they may come in contact" and the odor may cause injury to persons; that defendant and its predecessor at the Buffalo plant provided a locker room where "all employees change into working clothes prior to the scheduled starting time and * * * from working clothes and take a shower subsequent to the scheduled quitting time"; that (Par. 10), from October 24, 1940, to present time, said employees were required by defendant and its predecessor "to perform additional work each working day prior to the scheduled starting time and subsequent to the scheduled quitting time of their respective shifts, in that (they) after entering the plant and punching the time clock were required to proceed by foot to the locker room, make a complete change of clothing and footwear into work and safety clothes and then proceed by foot to their designated place of work wherever located on the said ninety (90) acre area, and * * * to do such additional work prior to the scheduled starting time of their shift * * *. After the scheduled quitting time of their respective shifts, (they) were required to return on foot to the locker room, remove their working and safety clothes, take a shower bath * * *. They were then required to walk from the

locker room to the gate and punch the time clock. Certain of such employees were also required to pick up tools and other equipment and carry them to their designated places of work prior to the scheduled starting time and to return said tools and equipment subsequent to the scheduled quitting time. On information and belief the time spent by the plaintiff and such other employees in such additional work * * * approximated fifty (50) minutes for each such employee for each working day."

The complaint further alleges (Par.11) that the time spent as described in paragraph 10 "involved exertion of a physical nature * * * and such additional time constituted working time within the meaning of Section 7a of said Fair Labor Standards Act of 1938. During such working time the plaintiff and such other employees were engaged in the production of goods for shipment in Interstate Commerce and in an occupation necessary for the production of goods for shipment in Interstate Commerce."

The complaint then alleges that (Par. 12) the additional time spent as described in paragraph 10 "constituted hours worked in excess of forty (40) hours per week"; that (Par. 13), during all times mentioned, "plaintiff and the other employees in whose behalf this action is brought were compensated only for the working hours between the scheduled starting time and scheduled quitting time" and have received no compensation for the additional time stated in paragraph 10, "except that since November 19, 1943, they have been compensated for ten (10) minutes 'wash up' time subsequent to the scheduled quitting time and before leaving the premises"; that (Par. 14) there is now due plaintiff and said employees "compensation at the rate of one and one half (1½) times the regular rate at which such employees have been employed, for each hour of work, or fraction thereof, performed by (them) after punching the clock in, and prior to the scheduled starting time and before punching the time clock out, and subsequent to the scheduled quitting time. Said compensation is due and owing for all such work performed from October 24, 1940 to the present time.

There is also due and owing (them) from the defendant, liquidated damages in an amount equal to such compensation, as provided in Section 16b of said * * * Act."

Paragraph 15 alleges that they "are not informed and have no means of knowing the exact amount of overtime work rendered by each of said employees or the amount of wages now due and owing as the result of such overtime work;" that defendant maintains or should maintain "accurate records and this information is in the exclusive possession of the defendant herein." Paragraph 16 alleges: "Prior to the institution of this action demand was made upon the defendant for payment for such working time and said demand was refused."

■ The complaint does not and is not required to negative the exemptions of the Act in order to state a cause of action. Stratton v. Farmers Produce Co., 8 Cir., 134 F.2d 825, 827. In the same case it is further said "that a complaint (under said Act) ought not to be dismissed for informality or insufficiency of statement, unless it appears to a certainty that, under any state of facts which may be proved in support of the asserted claim, no basic right of action can possibly exist or no relief can possibly be granted." 134 F.2d at page 827.

The allegations as to the nature of the employment of plaintiff and the other employees in question and the specific allegations about their overtime work state a cause of action under the Fair Labor Standards Act of 1938 (Anderson v. Mt. Clemens Pottery Co., 66 S.Ct. 1187), of which this court has jurisdiction. The jurisdictional facts are sufficiently pleaded.

In Baggett v. Henry Fischer Packing Co., D.C., 37 F.Supp. 670, plaintiff on behalf of himself and all other employees of the defendant similarly situated sued for overtime under the Act. The Court, refusing to dismiss the complaint and granting leave to amend, said:

"Since the complaint claims jurisdiction of the Federal Court by virtue of the provisions of the Fair Labor Standards Act it is necessary that it state sufficient facts to show that such jurisdiction exists. As

above pointed out one of those facts is that the plaintiff, as well as the defendant, be engaged in commerce or the production of goods for commerce. That fact may or may not exist in the present case, but it is not alleged to exist by the present allegations of the complaint." 37 F.Supp. at page 672.

"The rule is very well established that the plaintiff must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to Federal jurisdiction." Gates v. Graham Ice Cream Co., D.C., 31 F.Supp. 854, 856; Norton v. Larney, 266 U.S. 511, 45 S.Ct. 145, 69 L.Ed. 413; Smith v. McCullough, 270 U.S. 456, 46 S.Ct. 338, 70 L.Ed. 682.

Rule 8 requires "a short and plain statement of the grounds upon which the court's jurisdiction depends."

■ The jurisdiction of the court in this case does not depend on diversity of citizenship or the amount of the matter in controversy. It arises under a "law regulating commerce." Judicial Code, Sec. 41(8). Plaintiff alleges a violation of Section 7(a) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 207(a), and in what respects it was violated. He further alleges that the major part of the chemicals and dyes produced at the Buffalo, N. Y. plant of defendant and its predecessor have been shipped and delivered in interstate commerce to places outside of the State of New York; that plaintiff and the other employees on whose behalf this action is brought, during their working time, "were engaged in the production of goods for shipment in Interstate Commerce and in an occupation necessary for the production of goods for shipment in Interstate Commerce." The jurisdictional facts are therefore sufficiently averred and the complaint states a cause of action under the Act. The Act expressly permits the plaintiff to sue on behalf of himself and other employees similarly situated or as their designated agent or representative.

"All doubts and ambiguities concerning the meaning and intendments of the pleader's language must be resolved in favor of the claim attempted to be stated, and if the language employed to state the claim is not sufficiently definite and particular to enable the adversary to prepare his responsive pleadings or to prepare for trial, the remedy is a motion for a more definite statement or a bill of particulars under Rule 12(e) of the Federal Rules of Civil Procedure." Clyde v. Broderick, 10 Cir., 144 F.2d 348, 350.

We are concerned now only with the pleading. Whether there is any merit in the alleged cause of action must await later determination, and no intimation of the attitude of the court as respects the merits is to be drawn herefrom.

Defendant's motion to dismiss the complaint is therefore denied.