## LICHTEN v. EASTERN AIRLINES, Inc.

District Court, S. D. New York.
March 24, 1948.

Rein, Mound and Cotton, of New York City (Norman S. Rein, of New York City, of counsel), for plaintiff.

Harold L. Russell, of Atlanta, Ga., for defendant.

RYAN, District Judge.

Defendant moves to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on three grounds:

(1) That the complaint fails to state a claim against defendant upon which relief can be granted;

(2) That the court does not have jurisdiction over the subject matter; and

(3) That the court lacks jurisdiction since the amount actually in controversy is less than $3,000, exclusive of interest and costs.

The complaint sets forth two causes of action: As a first cause of action, plaintiff alleges that defendant is a common carrier licensed by the Civil Aeronautics Board (hereafter referred to as the C. A. B.), that on January 18, 1947, she purchased transportation for herself and baggage on defendant's Flight No. 630 from Miami to Philadelphia, and traveled on said flight on that date; that plaintiff checked two suitcases and that when they were returned to her at Philadelphia certain articles of jewelry valued at $3,187.95 were missing from one of the suitcases.

As a second cause of action, plaintiff realleges the matters set forth in the first and, in addition, that defendant converted the missing jewelry by misdelivering the suitcase containing the jewelry to a third person, without requiring the surrender of the baggage check, and failed to ascertain the identity of the person who allegedly received and later returned the suitcase.

It appears, from these allegations, that the transportation involved was interstate air transportation and that it is subject to the provisions of the Civil Aeronautics Act of 1938, 52 Stat. 977, 49 U.S.C.A. § 401 et seq.

Defendant, in its brief, has drawn to the court's attention several tariffs it has filed with the C. A. B. and which it states were applicable at the time in question to the transportation of baggage by air. The tariffs apparently governed the transportation furnished the plaintiff and that of her luggage. They specifically provide that jewelry would be carried only at the passenger's risk, and that defendant would not be liable for any loss of such articles. The tariffs further provide that the defendant's liability is limited to the actual value of the passenger's baggage, which is conclusively presumed not to exceed $100 unless a higher value is declared and an additional charge paid. But, since defendant has not yet answered, it has not pleaded any factual setting bringing those regulations to bear upon the present controversy.

Defendant asks the court to take judicial notice of the tariffs and, on that basis, to dismiss the complaint. Since the tariffs would seem to foreclose further consideration of plaintiff's complaint, the real issue of this motion is whether the court should take judicial notice of the tariffs.

A motion under Rule 12(b) is directed only to the face of the complaint (Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774, 775), and should not be granted unless it appears certain that under any state of facts, which may be proved in support of the asserted claim, no valid ground for relief could possibly exist. See Stratton v. Farmers Produce Co., 8 Cir., 1943, 134 F.2d 825, 827; Patterson v. Allied Chemical & Dye Corp., D.C., W.D.N.Y., 1947, 69 F.Supp. 804, 807. Motions under Rule 12(b) attacking the jurisdictional allegations of a complaint should be denied unless it is certain from the complaint itself that jurisdiction is lacking. Bell v. Preferred Life Assurance Society, 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15; see Warmsprings Irr. Dist. v. May, 9 Cir., 1941, 117 F.2d 802, 805. Hence, only where the complaint is inherently defective and such defect is ascertainable from an examination of the complaint alone should a motion under this rule be successful. Defendant asks the court not only to look dehors the complaint, but also to extend the doctrine of judicial notice.

Rule 43(a) of the Federal Rules of Civil Procedure provides as follows:

"Form and Admissibility. In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules. All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner."

§ 344-a of the Civil Practice Act provides as follows:

"Judicial notice of matters of law. A. Except as otherwise expressly required by law, any trial or appellate court, in its discretion, may take judicial notice of the following matters of law:

\* \* · \* \* \* \*

"5. A rule or regulation of an executive department of the government of the United States, or a public board, agency or officer created by the law thereof."

Tariffs filed with the C. A. B. cannot be considered either a rule or a regulation of a public board or agency. They do not come within the provisions of the Practice Act above-quoted. However, if it should be held that they do come within these provisions, the taking of judicial notice of them is a matter which rests in the discretion of the court. The court does not feel that such discretion should be exercised on a motion made under rule 12(b), when the motion is made solely upon the complaint and before answer.

Considering the doctrine of judicial notice, i. e. the raising of a rebuttable presumption in favor of the judicially noticed fact [Morgan, Judicial Notice, 57 Harv. L.Rev. 269 (1944); 9 Wigmore §§ 1265, 1267 (3rd Ed.1940)], it would not here be proper to extend the use of the doctrine.

For these reasons, the court is satisfied that within the scope of the complaint evidence might conceivably be produced which, if not disproved or avoided, would entitle plaintiff to relief. The court is persuaded that, at this time, there is nothing before it which suggests the presence of an issue which has been preempted by the C. A. B.

The court therefore holds that it has jurisdiction over the action and that the complaint states a claim upon which relief may be granted. Ten days is allowed for the service and filing of defendant's answer.

Motion denied.