Per Curiam.

Appellant contends that the sales in question are excepted from taxation under subdivision (B) (18) of Section 5739.02, Bevised Code, which provides that the tax does not apply to “sales of ships * * or.vessels used or to be used principally in interstate or foreign commerce, and repairs, alterations, fuel, and lubricants for such ships * * * or vessels”; that it is not necessary to have physical movements between states to come within the category of interstate commerce; that appellant’s work is in aid of navigation; and that appellant is engaged in interstate commerce.
The question presented for consideration is whether the sales in question were sales of fuel oil for “vessels used or to be used principally in interstate or foreign commerce,” within the meaning of Section 5739.02, Bevised Code, supra.
By reason of provisions of Section 5739.02, Bevised Code, statutes relating to exemption or exception from sales taxation are to be strictly construed, and one claiming such exemption or exception must affirmatively establish his right thereto. See National Tube Co. v. Glander, Tax Commr., 157 Ohio St., 407,105 N. E. (2d), 648.
So far as the record discloses, the fuel oil purchased was consumed in Ohio and on Lake Erie adjacent thereto and was not obtained or used for transportation in interstate or foreign commerce. Although the work done by appellant may facilitate interstate commerce and affect it incidentally, it is distinct from transportation in interstate commerce and is clearly intrastate in character. There is no constitutional inhibition against the imposition of a state sales tax on such local transactions.
If the General Assembly had intended to include in the exception here under consideration activities of an intrastate character which facilitate interstate commerce, the result would be excepting from the tax sales of vessels, fuel therefor, etc., and at the same time taxing sales of land-operated equipment, fuel *359 therefor, etc., used for the very same purpose. This court is of the opinion that the General Assembly did not so intend.
In the enactment of Section 5739.02, supra, the General Assembly intended only to except sales within the state of fuel for vessels, etc., which are used or to be used principally in the transportation of persons or property in interstate or foreign commerce. Appellant’s equipment is not so used.
See Detroit International Bridge Co. v. Corporation Tax Appeal Board, 267 Mich., 384, 255 N. W., 368, the judgment in which was affirmed in Detroit International Bridge Co. v. Corporation Tax Appeal Board, 294 U. S., 83, 79 L. Ed., 777, 55 S. Ct., 332.
The sales in question are subject to taxation.
The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, J J., concur.