FOLEY–CARTER INS. CO., Inc., v. COMMONWEALTH LIFE INS. CO.

No. 10044.

Circuit Court of Appeals, Fifth Circuit.

June 11, 1942.

Rehearing Denied July 15, 1942.

Fred T. Saussy and John I. Viney, both of St. Petersburg, Fla., for appellant.

John D. Harris and Harvey L. McGlothlin, both of St. Petersburg, Fla., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, on an implied contract for commissions, based upon the reasonable value of plaintiff's services in the sale of a parcel of real estate, The Taylor Arcade, was in two counts, each count in 13 paragraphs. The second count adopted the first 11 paragraphs of the first count and added to the 12th and the 13th paragraphs, the allegation, that defendant in bad faith and for the purpose of attempting to deprive plaintiff of a commission while taking advantage of its services, plaintiff being the procuring cause of the sale, sold the property direct at a reduced price to plaintiff's customer. The first 7, and the 9th, and 10th paragraphs,[1] were by way of inducement. The 8th, 11th, 12th, and 13th paragraphs, set out the grounds of the claim. These, as plaintiff sets them out, are; "plaintiff informed the defendant company that it intended to endeavor to induce Haige, the tenant, to purchase the entire property and inquired the asking price, and the defendant authorized and directed plaintiff to offer the property for sale to Haige at the asking price of $350,000, well knowing and understanding by reason of the previous ac-

---

[1] They set out: that plaintiff, a Florida Corporation and duly licensed real estate broker therein, was successor to Foley-Carter Insurance Company, Inc.; that defendant was a corporation authorized to do and doing business in Florida with one Lassing, its agent and manager, and from 1932 to 1937, it had used Jefferson Improvement Company, a subsidiary corporation, managed, operated, owned and controlled by it, to hold title to the real estate in question; that on March 15, 1934, plaintiff's predecessor was employed by the Jefferson Company to find a tenant for a part of the Taylor Arcade. It did find one, Haige, and it was paid a commission for its services. The lease, for a five year term with a five year renewal, gave Haige the refusal, until July 1, 1939, to purchase the property, should the Arcade be offered for sale and provided that should the property not be purchased, the lease would be automatically renewed for another five years. On another occasion in 1934, plaintiff's predecessor was employed by the defendant through Lassing, its agent, to induce a mortgagee to accept payment of her mortgage and for this service the defendant paid a commission; that on July 15, 1937, the Jefferson Company conveyed the Arcade to defendant for a nominal consideration and thereafter Lassing was in charge of it.

tivities and services conducted and performed that plaintiff as successor to Foley-Carter Insurance Company, would endeavor to induce Haige to purchase the property and that plaintiff would and should receive from the defendant the usual and customary real estate commissions of 5% of the sales price in the event that plaintiff should succeed in inducing him to purchase the property at said asking price or at such modified price as the defendant might subsequently accept before the agency was revoked, * * * if plaintiff was the effective or procuring cause of Haige's becoming the purchaser of the property." It was further alleged that plaintiff went to work endeavoring to get Haige to purchase the property at the asking price and continued to work uninterruptedly for the defendant endeavoring to effect the sale; that while plaintiff was continuing his negotiations, defendant, without inquiry of or notice to plaintiff, contacted Haige directly, reduced the asking price of $350,000 to the sum of $215,000 and on September 1, 1938, did sell the property to him for that sum.

It was further alleged: that plaintiff was the procuring cause of the sale; that it acted throughout in the utmost good faith, made diligent efforts to persuade Haige to purchase the property and by its efforts succeeded in interesting him as a prospective purchaser; that defendant had availed itself of the benefit of the services of plaintiff and thereby had become liable to pay plaintiff 5% on $215,000.

The second count is upon the same claim with the added allegations that defendant acted as it did in bad faith and for the purpose of depriving plaintiff of commissions. Defendant moved under Rule 12 (b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the petition for "failure to state a claim upon which relief can be granted." The motion was sustained and this appeal to test the correctness of that ruling followed. Here appellant invoking Rule 8 (b), Construction of Pleadings, "all pleadings shall be so construed as to do substantial justice",[2] insists that so construed his pleadings state a claim which, if proven, would entitle him to judgment.

Appellee standing on Rule 12 under the authority of which he made his motion and on Rule 8 (a) (2),[3] and (e),[4] insists that no recoverable claim is set out. We agree with appellee. The law governing suits for commissions is simple and well understood. They may be either on express or on implied contracts. If on an express contract the petition should show the express agreement for commissions and that the agreement was complied with. If on an implied contract, the petition should state facts from which a contract for commissions will be implied and facts showing performance by plaintiff of that contract. Plaintiff's suit is upon an implied contract. Its petition must therefore be searched first for facts from which a contract for commissions will be implied, and second, for facts from which it might be found that the contract thus implied has been performed.

Subjected to that test plaintiff's petition fails in both respects. As to the existence of the implied contract, instead of alleging facts from which an agreement to pay a commission if Haige[5] should buy the property by direct purchase from defendant could be implied, the petition negatives such an implication. For, it alleges merely that advised by plaintiff on February 15, 1938, that it intended to endeavor to induce Haige to buy the property, defendant in response to plaintiff's inquiry for the asking price, on March 10, 1938, authorized and directed plaintiff to offer the property for sale to Haige at the asking price of $350,000; and that while plaintiff was conducting the negotiations, for sale at that price, defendant, without inquiry of or notice to the plaintiff, contacted Haige directly, reduced the asking price of $350,000 to $215,000 and on September 1, 1938, sold the property to him for that sum. There is no allegation that plaintiff ever asked for or obtained authority to sell or to offer the property at any different price than the $350,000 given it as the asking price; none from which it could be inferred that defendant gave it an exclusive agency, or in any manner agreed that it would not offer the property itself direct to Haige; none from which it could be implied that plaintiff would be entitled to a commission

2 Cf. Deloach v. Crowley's, Inc., 5 Cir., 128 F.2d 378.

3 "A pleading * * * shall contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief."

4 "Each averment of a pleading shall be simple, concise, and direct."

5 Defendant's tenant, with a refusal to purchase the property should the same be offered for sale.

on a sale made direct by the owner to Haige. Plaintiff's allegations that defendant, "well knowing and understanding by reason of the previous activities of its predecessor", that plaintiff would endeavor to induce Haige to purchase the property and that should plaintiff succeed in inducing him to purchase the property at the asking price or at such modified price as the defendant might subsequently accept before the agency was revoked, are not allegations of facts from which the agreement sought to be, can in law be, implied. They are merely conclusions of the pleader which are not only not supported by the facts alleged but contrary to them. Upon the issue of the performance of the contract sought to be implied, plaintiff's petition leaves it in even worse case. For it alleges no single fact from which any reasonable mind could conclude that plaintiff who, according to his petition, had been authorized to offer and had been offering the property for sale at $350,000 and at no other or less price, was the procuring cause of the sale by defendant made to its tenant, six months later, for the price of $215,-000, $135,000, less than the price at which plaintiff, according to his own pleading, had been offering it.

■ The petition in Paragraph 11 does allege; that plaintiff went to work endeavoring to get Haige to purchase the property at the price of $350,000; that it pointed out the advantages to Haige, as tenant, of purchasing the property; that it continued to work uninterruptedly in endeavoring to effect the sale; and that Haige had never definitely refused to be interested in the purchase of the property. Too, Paragraph 13 does contain the conclusions that plaintiff was the procuring cause of the sale; that it succeeded in interesting Haige as a prospective purchaser; and that defendant took advantage of plaintiff's valuable services in urging the purchase upon Haige. But it does not contain a single allegation of fact from which reasonable minds could infer that its efforts in offering the property at $350,000 were the procuring cause of the sale by the owner direct for $215,000. A case for the recovery of commissions is not made out by merely alleging, as here, that an agent authorized to offer property at a particular price and offering it only at that price, is entitled to recover commissions on a sale made direct by the owner at a price so far below, here $135,000, the asking price at which plaintiff was offering the property, as to negative as mat-

ter of law, that the plaintiff was or could have been the procuring cause of the sale. Plaintiff, in the circumstances he alleges, must do something more than plead by way of conclusion that he was the procuring cause of the sale. Nor is plaintiff's case at all bettered by the conclusion added in the second count, that defendant did what he did in bad faith to deprive plaintiff of a commission, for reasonable minds could not reach the conclusion that in order to deprive an agent of a commission of five per cent on a sale at $350,000, the only price plaintiff was authorized to offer the property for, the owner cut the price $135,000.

The judgment was right. It is affirmed.

McCORD, Circuit Judge (dissenting).

I think the majority opinion draws too fine a distinction as to what is an allegation of fact and what is a conclusion of the pleader. I am of opinion that under the liberal rules now obtaining in Federal Courts the allegations of the complaint presented questions to be determined on the merits. The parties should have been allowed to fully develop the facts, and the court erred in dismissing the cause on the pleadings. Cf. DeLoach v. Crowley's, Inc., 5 Cir., 128 F.2d 378.

I respectfully dissent.