**PATTEN v. DENNIS, U. S. Attorney.**
No. 10265.

Circuit Court of Appeals, Ninth Circuit.
March 4, 1943.

Rehearing Denied March 10, 1943.

Mason B. Patten, of Oakland, Cal., in pro. per.

J. Charles Dennis, U. S. Atty., and G. D. Hile, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

This is an appeal from a judgment of dismissal of an action brought by appellant.

It is impossible to tell what appellant claims is his cause of action. By piecing together various petitions and motions, and other matters, it appears that prior to December 21, 1940, appellant was a "Classified Laborer at the Puget Sound Navy Yard". He alleges that on or about the date mentioned, Smith, Bogard and Larsen, entered into a conspiracy to violate 18 U.S. C.A. §§ 51 and 126, with intent "to injure the right of" appellant by preventing appellant "from carrying through a request for investigation of malicious practice against" appellant; that Bogard and Lar-

sen did make a statement in writing to the Chief of Yard which was false, and which apparently placed appellant in disrepute and subject to ridicule.

Appellant was discharged from his position on January 15, 1941. He then sought to have appellee prosecute Smith, Bogard and Larsen, but was unsuccessful. He then filed in the court below a document entitled a "Petition for Show Cause Action". He prays for damages, apparently, yet he first indicates that he seeks an order compelling appellee to prosecute Smith, Bogard and Larsen. He states now that he wants Smith, Bogard and Larsen joined as defendants, and the cause treated as a quo warranto proceeding. The trial court dismissed the action.

Appellee in his brief states: "As stated before, if any criminal violation has been committed by Larsen, Smith or ·Bogard, the body that has the duty of preferring the charges is the grand jury. Appellant does not allege that he has been prevented from appearing before the grand jury. He couldn't. He was given that privilege, appeared and testified. The grand jury disposed of his grievance in the same way as the Naval authorities, refusing to bring in a true bill." Appellant admitted on oral argument that he had appeared before the grand jury.

Since appellant presents no clear theory of liability, we will discuss such theories as occur to us. From the meager facts presented by the record, it appears that appellant claims that Smith, Bogard and Larsen violated the law and injured appellant in some manner. These conclusions are stated as such and are not drawn from facts showing either the alleged violation or the alleged injury. It would seem to us that appellant could conceivably have two different causes of action: (1) For an injury sustained by him as a result of the violation of law by Smith, Bogard and Larsen; and (2) for an injury sustained by him as a result of the failure of appellee to prosecute the crime committed by Smith, Bogard and Larsen.

■ Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that a pleading which sets forth a claim for relief shall contain·"(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled". In Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069, it is said: "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show". See also: Hurn v. Oursler, 289 U.S. 238, 246, 53 S.Ct. 586, 77 L.Ed. 1148.

■ The requirements of a complaint may be stated, in different words, as being a statement of facts showing (1) the jurisdiction of the court; (2) ownership of a right by plaintiff; (3) violation of that right by defendant; (4) injury resulting to plaintiff by such violation; and (5) justification for equitable relief where that is sought. See: United States v. Humboldt Lovelock Irr. Light & P. Co., 9 Cir., 97 F.2d 38, 42; United States v. McIntire, 9 Cir., 101 F.2d 650, 653. The complaint is completed by a demand for relief.

■ Regarding the first conceivable cause of action mentioned above, the complaint, even as supplemented by other parts of the record, fails to allege facts showing a violation of any right owned by appellant by Smith, Bogard and Larsen, or that appellant was injured thereby. Smith, Bogard and Larsen are not parties to this case, but since appellant suggests that they be made parties, we have discussed such conceivable cause of action as if they were already parties. So considered, no cause of action against Smith, Bogard and Larsen has been stated.

■ Regarding the second conceivable cause of action mentioned above, it might be that two remedies therefor exist: (1) damages resulting from the failure of appellee to prosecute; or (2) injunctive relief compelling appellee to prosecute. In either case, appellant would have to allege facts showing that appellee, by failing to prosecute, had violated some right of appellant, and that he had been injured by such failure. The complaint, as supplemented by other parts of the record, fails to state facts showing either a violation of a right owned by appellant, or injury resulting to appellant therefrom. Furthermore, it could hardly be said to be possible, since the grand jury, after considering appellant's charges, returned no indictment.

Appellant's request for joinder of Smith, Bogard and Larsen as parties defendant herein, will be treated as a motion to that effect. As such it will have to be denied because nothing in the record discloses that appellant has any cause of action against them. Appellant's request to treat this action is a quo warranto proceeding, will be treated as a motion to amend the complaint so as to ask for mandatory injunctive relief against appellee. As such it will have to be denied because the record discloses no facts justifying it.

The motions are denied, and the judgment is

Affirmed.