## PIERCE v. WAGNER.

No. 10326.

Circuit Court of Appeals, Ninth Circuit.

March 31, 1943.

Reuben G. Lenske, of Portland, Or., for appellant.

Van Dyke & Harris, of Sacramento, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Reversal is sought of a judgment dismissing an action brought by appellant to recover damages arising out of breach of contract and negligence in the performance of appellee's duties as an attorney.

The amended complaint alleges that on December 22, 1928, one Walter V. Pierce died testate in California, and that H. A. Pierce, H. P. Pierce, C. C. Pierce, and O. H. Pierce were heirs and devisees of deceased, each being entitled to an undivided one-sixth interest in the estate; that in the early part of 1933, one Lenske, an attorney of Portland, Oregon, was engaged to represent the four heirs for the purpose of hastening distribution of the estate and obtaining the best possible distribution for each of such heirs; that Lenske, in June, 1933, engaged appellee as associate counsel, it being agreed between such attorneys: (a) that appellee would become associated with Lenske in representing the heirs above named until the heirs had obtained their shares; (b) that appellee would render all services which were necessary to properly represent the heirs; (c) that appellee would keep Lenske fully informed of all developments in the estate and to advise him of any important steps which might or should be taken; (d) that appellee would within a reasonable time after he was so engaged as associate counsel, arrive at an understanding with two of the heirs on a specific percentage basis upon which the attorneys were to operate; (e) that he would promptly, efficiently and loyally handle all matters in connection with said estate; and (f) that he would divide equally with Lenske any fees which might be paid to him in connection with such estate.

The amended complaint further alleged that appellee "violated said agreement and was guilty of breaches thereof and was negligent in rendering said services" by: (a) attempting to obtain the right of personal representation of the two heirs to the exclusion of Lenske, and failing to cooperate with Lenske in causing hearings to be set at suitable and advisable times; (b) failing to prepare and present orders to the court in which proceedings concerning said estate were pending and after oral orders were made until a long period expired after said oral orders were made, and by permitting and arranging the appointment of a referee in a partition suit instead of acting as such referee himself; (c) failing to keep Lenske promptly informed of the developments in the administration of the estate; (d) failing to arrive at an understanding with the two heirs regarding the exact percentage basis which Lenske would be entitled to receive; (e) failing to maintain the goodwill of the two heirs mentioned toward Lenske; and (f) failing to remit one-half the fees collected to Lenske.

The amended complaint further alleged that Lenske was damaged in the amount of $2,920.80 as a result of the wrongful acts of appellee, and that Lenske had assigned his cause of action to appellant.

For a second cause of action, appellant realleged most of the first cause of action, and alleged that "as a result of the negligent, improper and wrongful conduct of defendant as hereinbefore set forth * * * [appellant] has been damaged in the sum of $970.40 * * *."

Appellee moved to dismiss the action on two grounds: (1) failure to state a claim on which relief could be granted; and (2) the amount in controversy was less than $3,000. The court below sustained the motion and dismissed the action. This appeal followed.

Appellee contends that the complaint is defective because no negligence is pleaded; that to plead negligence it must be alleged what act appellee failed to perform, and

that if appellee had performed it, the performance would have resulted beneficially to appellant; that for negligence in the performance of his duties, an attorney is responsible only to his client, and therefore no liability to Lenske is alleged; that since no liability to Lenske is alleged, the amount in controversy is not $3,000.

In Patten v. Dennis, 9 Cir., March 4, 1943, 134 F.2d 137, we said: "The requirements of a complaint may be stated, in different words, as being a statement of facts showing (1) the jurisdiction of the court; (2) ownership of a right by plaintiff; (3) violation of that right by defendant; (4) injury resulting to plaintiff by such violation; and (5) justification for equitable relief where that is sought. * * * The complaint is completed by a demand for relief."

Since there is a diversity of citizenship, and since judgment for more than $3,000 is demanded, jurisdiction of the court below is alleged. Regarding the second element, appellee contends that no right of recovery is alleged insofar as Lenske is concerned, because only the client can recover for an attorney's negligence. That argument is based on the assumption that Lenske's right of recovery is based on negligence. The amended complaint alleges the ownership of a right by Lenske, arising by virtue of the agreement between Lenske and appellee. By the agreement, Lenske obtained a right he did not have before.

The third element is sufficiently pleaded, since violation of Lenske's right appears from the allegations showing breach by appellee of the agreement. Since the injury resulting from such violation is pleaded, it follows that a claim for relief is sufficiently stated in the first cause of action.

Appellee does not seriously, we think contend that no claim for relief is pleaded in the second cause of action. The amended complaint sufficiently alleges the failure to perform acts which in reason should have been performed by appellee as attorney. It further alleges that damage resulted from such failure. We think, therefore, that appellee's contention that no negligence of appellee was pleaded, is not well taken. See, also, Sparks v. England, 8 Cir., 113 F.2d 579, 581; Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865, 869.

Reversed.