## JOHNSON v. BOARD OF TRUSTEES OF UNIVERSITY OF KENTUCKY et al.

### No. 625.

United States District Court
E. D. Kentucky.
April 27, 1949.

Thurgood Marshall and Robert Carter, both of New York City, James A. Crumlin, of Louisville, Ky., and John W. Rowe, of Lexington, Ky., for plaintiff.

A. E. Funk, Atty. Gen., and M. B. Holifield and Guy L. Dickinson, Asst. Attys. Gen., for defendants.

FORD, Chief Judge.

This cause having been tried to the Court without the intervention of a jury, and the Court, having heard and considered the evidence bearing upon the issues presented, finds the facts specially and separately states conclusions of law thereon as follows:

### Findings of Fact

1. By virtue of the Constitution and Statutes of Kentucky, there is established and maintained at Lexington, Kentucky, an institution of higher learning known and designated by law as "The University of Kentucky," which includes, among other schools and colleges, The Graduate School. KRS §§ 164.100, 164.120.

2. The University of Kentucky is owned by the Commonwealth of Kentucky and is supported, maintained and operated by the public funds of the State.

3. The government of The University of Kentucky is vested in a Board of Trustees (KRS § 164.130) consisting of the defendants herein named as such, and pursuant to the authority so vested by law the Board of Trustees, has duly elected and appointed various executive and administrative officers of the University consisting of the defendants herein named as such officers, and has fixed and determined the curricular offerings, entrance and tuition fees and qualifications for admission to the Graduate School.

4. The Graduate School of the University of Kentucky at Lexington, Kentucky, offers courses of study leading to the degree of Doctor of Philosophy in History and is the only such graduate school operated and maintained within and by the Commonwealth of Kentucky by the public funds of the State.

5. The plaintiff, Lyman T. Johnson, a colored citizen and resident of the Commonwealth of Kentucky, of African descent and of Negro blood, was at all times herein referred to and is in all respects duly qualified for admission to the Graduate School of The University of Kentucky and was and is ready, willing and able to pay all lawful charges and to comply with all lawful rules and regulations requisite for such admission.

6. On March 15, 1948, the plaintiff, Lyman T. Johnson, duly filed with the proper officials of the University of Kentucky his written application for admission

to the 1948 summer session as a student in the Graduate School of The University seeking enrollment in post graduate courses provided by the school leading to the degree of Doctor of Philosophy in History, and with his application filed proper evidence of his having completed all under-graduate educational requirements prerequisite to such admission.

7. The plaintiff's application for admission to and enrollment in the Graduate School of The University of Kentucky at Lexington, Kentucky, was denied by the defendants solely on the ground of his race and color.

8. The Graduate School of The University of Kentucky located at Lexington, Kentucky, offers and at all times herein referred to offered resident instruction to students leading to the degree of Doctor of Philosophy in History, with a resident, full time faculty; with regular organized courses of study; with courses, curricula requirements and graduation requirements publicized regularly in the catalogues of the University; with a conveniently located, well housed and fully equipped library adequate for graduate study and research; with seminars or groups of graduate students engaged in original research under the supervision of competent professors, the results of which are embodied in dissertations or theses presented by candidates for degrees, and with definite responsibility in the faculty and officials of the University for the supervision of the courses and facilities so provided for study and research.

9. After the denial of the plaintiff's application for admission to the Graduate School of The University of Kentucky, the State Board of Education of the Commonwealth of Kentucky and the Board of Trustees of The University of Kentucky made and entered into a contract dated July 13, 1948, by the terms of which it was proposed to make available on the campus of the Kentucky State College for Negroes at Frankfort, Kentucky, instruction in professional or graduate courses offered at The University of Kentucky to be taught by the regular instructors who teach such courses at The University of Kentucky at such hours as the University might designate, with a provision for compensating the University of Kentucky for expenses incurred by the members of its faculty in traveling to and fro between Lexington and Frankfort for the purpose of such teaching and with provisions for the travel expenses of students enrolled for such instruction at the Kentucky State College for Negroes in Frankfort in traveling to and fro between Frankfort and Lexington to utilize the library and library facilities on the campus of The University of Kentucky; and, under date of July 30, 1948, a letter was written to the plaintiff informing him of such contract and that it would become effective as of September 22, 1948.

10. The Graduate School proposed to be established upon the campus of the Kentucky State College for Negroes at Frankfort, Kentucky, under the terms and provisions of the contract between the Board of Trustees of The University of Kentucky and the State Board of Education of the Commonwealth of Kentucky, is and would be entirely insufficient and inadequate to provide and make available for the plaintiff or any other negro graduate student instruction in professional or graduate courses of higher learning equal or substantially equal to the provisions, facilities and opportunities offered and made available for white graduate students at The University of Kentucky in Lexington, Kentucky, for the reasons, among others, that such students at the Kentucky State College for Negroes at Frankfort, Kentucky, would not have the advantage of seminars under the supervision and guidance of resident instructors; would not have convenient library facilities for graduate study and research, and would be subject to the disadvantage of being taught by a migratory faculty whose duties and responsibilities in respect to the proposed graduate school would necessarily be secondary and subordinate to their duties and responsibilities at the University.

11. The rights involved in this action are of common and general interest to all Negro citizens of the Commonwealth of Kentucky who possess the qualifications

710

requisite for admission to the Graduate School of The University of Kentucky.

12. At no institution of learning within the State has Kentucky offered or made available to the plaintiff, Lyman T. Johnson, or to any qualified Negro student, an opportunity to pursue courses of post graduate study leading to the degree of Doctor of Philosophy in History or to pursue courses of post graduate study leading to any other post graduate or professional degree.

13. The Commonwealth of Kentucky has not established or provided a graduate or professional school located within the State affording educational advantages for graduate Negro students equal or substantially equal to such advantages now available to graduate white students at The University of Kentucky.

### Conclusions of Law

 1. There is in this case an actual controversy between the parties. This Court has jurisdiction of the parties and of the subject matter. Sections 1343(3) and 2201 of Title 28 United States Code, revised.

2. This action is properly brought as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

3. The class which plaintiff represents is composed of the Negro citizens of the State who possess the requisite qualifications for admission to the graduate and professional schools of The University of Kentucky.

4. Plaintiff and all others similarly qualified and situated are entitled to educational advantages and opportunities available within the State, at the same time, upon the same terms and substantially equal to those which the State provides and makes available to other residents and citizens of the State. Sipuel v. Board of Regents of University of Oklahoma et al., 332 U.S. 631, 68 S.Ct. 299; State of Missouri ex rel. Gaines v. Canada, Registrar of the University of Missouri, et al., 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208.

5. The agreement entered into between the Board of Trustees of The University of Kentucky and the State Board of Education, dated July 13, 1948, does not and cannot afford the equality of educational facilities and training required by the Fourteenth Amendment.

6. The refusal to admit plaintiff to the graduate school of The University of Kentucky solely because of his race and color constitutes a denial of rights secured under the Fourteenth Amendment.

7. Plaintiff and all other Negroes similarly qualified and situated are, upon proper application, entitled to be admitted to the graduate and professional schools of The University of Kentucky until such time as the Commonwealth of Kentucky shall provide and make available graduate and professional training for qualified Negroes at a separate institution of learning located within the State equal or substantially equal to that provided by the graduate and professional schools of The University of Kentucky.

8. In respect to the matters in controversy, judgment should be rendered declaring the rights and legal relations of the parties in conformity with the foregoing findings of fact and conclusions of law.