**BYRNE et al. v. METCALFE CONST. CO. et al.**

**Civ. No. 68–46.**

United States District Court
D. Nebraska, Omaha Division.

Sept. 10, 1951.

636

James F. Green (of Webb & Kelley), Omaha, Neb., for plaintiffs.

Leo Eisenstatt (of Kennedy, Holland, DeLacy & Svoboda), Omaha, Neb., for defendants.

DONOHOE, Chief Judge.

This action was instituted by Cyril J. Byrne, James W. Tillery, Fritz Moline, Robert W. Metzler and Arthur J. Dergan against the Metcalfe Construction Company, the Hamilton Construction Company and the Kansas City Bridge Company, joint adventurers in the performance of a Government construction contract, to recover compensation for overtime under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 207. The parties have entered into a comprehensive stipulation which adequately sets forth the facts material to their dispute. The court accepts this stipulation in its entirety and makes a special finding that the facts are as stipulated. The stipulation will not be set forth in toto at this point, because it would unnecessarily lengthen this memorandum, since part of the stipulation, with the narrowing of issues, has lost its significance, and the other part will be discussed, and inferences drawn therefrom, subsequently, in connection with particular points in issue.

### 1. Jurisdiction

As a general rule, since the Fair Labor Standards Act is an Act to regulate commerce, the federal courts have jurisdiction of actions arising under it, such as those to recover wages due, irrespective of diversity of citizenship or amount involved. 29 U.S.C.A. § 216(b); 28 U.S.C.(1940 Ed.) § 41(8), 28 U.S.C.A. § 1337; 2 Cyclopedia of Federal Procedure (1951 Ed.) Sec. 2.-368, p. 42, n. 4. However, defendants contend that Section 2 of the Portal to Portal Act, 29 U.S.C.A. § 252(d), deprives the court of jurisdiction because plaintiffs have failed to plead and prove that the activities for which they seek compensation were compensable by contract, custom or practice. This contention must be rejected. Where the activities for which compensation is sought are, as in this case, part of the employees' principal activity, and not "portal to portal" in character, Section 2 of the Portal Act does not apply. Central Missouri Telephone Co. v. Conwell, 8 Cir., 1948, 170 F.2d 641; Biggs v. Joshua Hendy Corp., 9 Cir., 1950, 183 F.2d 515; Culkin v. Glenn L. Martin Nebraska Co., D.C.Neb. 1951, 97 F.Supp. 661. Consequently, plaintiffs' failure to plead and prove a contract, custom or practice, by which the activities involved in this case were compensable, does not prevent the court from taking jurisdiction of the case, nor does it, ipso facto, bar plaintiffs' claim.

## 2. Coverage

■ The provisions of the Fair Labor Standards Act are applicable to all non-exempt employees engaged in commerce or in the production of goods for commerce. 29 U.S.C.A. §§ 206 and 207. In determining whether an individual employee is within the coverage of the wage-hour law the relationship of the employer's business to commerce may be an important indication of the employee's work. Borden Co. v. Borella, 325 U.S. 679, 65 S.Ct. 1223, 89 L. Ed. 1865; 10 E. 40th St. Bldg. v. Callus, 325 U.S. 578, 65 S.Ct. 1227, 89 L.Ed. 1806. The following discussion of the work of the defendant companies is, therefore, appropriate.

Shortly after the outbreak of World War II, the War Department and the Corps of Engineers entered into contracts with various contractors, other than the defendants, for construction of the road commonly and popularly known as the Alcan Highway, which ran from Edmonton, Alberta, Canada, a distance of 2,132 miles, to Fairbanks, Alaska. In order for the Army to operate and make use of this road, it was necessary that installations and buildings be constructed for living quarters of troops, warehousing, etc.; in order for the air forces to make use of this route, airports and emergency flight strips had to be constructed. Defendants, under contract with the Government, constructed these ancillary installations to the Alcan Highway. The defendants were engaged in the original construction of the buildings, flight strips, etc., and as soon as the installations were completed, they were turned over to the representative of the Corps of Engineers, and thereafter were maintained by the United States Army. At no time did the defendant companies perform any work on the Alcan Highway itself, either on the original construction or maintenance; and at no time did the defendants operate any of the above-mentioned base installations or other works.

■ Defendants contend that an employee of a construction company is only "engaged in commerce" if his employment involves repair, improvement or reconstruction of existing instrumentalities of commerce, but not if the construction relates to the erection of entirely new facilities. Reed v. Murphey, 5 Cir., 1948, 168 F.2d 257, affirmed on this point in Murphey v. Reed, 335 U.S. 865, 69 S.Ct. 105, 93 L. Ed. 410; Maitrejean v. Metcalfe Construction Co., 8 Cir., 1948, 165 F.2d 571; Kam Koon Wan v. E. E. Black, Limited, 9 Cir., 1951, 188 F.2d 558; McDaniel v. Brown & Root, Inc., 10 Cir., 1949, 172 F.2d 466; Annotation 8 A.L.R.2d 738. These cases persuade the court that plaintiffs were not "engaged in commerce" within the meaning of the Fair Labor Standards Act, 29 U.S. C.A. § 201 et seq. It is true that coverage of the Act depends upon the character of the employees' activities and not upon the nature of the employer's business. Overstreet v. North Shore Corp., 318 U.S. 125, 63 S.Ct. 494, 87 L.Ed 656; Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L. Ed. 1638; Warren Bradshaw Drilling Co. v. Hall, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83. However, the evidence does not establish that the plaintiffs' activities were an essential part of the stream of commerce. Plaintiff Cyril J. Byrne was a Commissary Helper, plaintiff James W. Tilley was a Camp Steward and later a Chief Camp Steward, plaintiff Fritz L. Moline was a Field Clerk and later a Second Cook, plaintiff Robert S. Metzler was a Canteen Manager and later a Camp Steward, and plaintiff Arthur J. Dergan was a Field Clerk. There is nothing to substantiate a claim that the activities of these employees were actually in or so closely related to the movement of commerce as to be a part of it. See McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538.

■ The plaintiffs were not engaged "in the production of goods for commerce" because the installations, buildings and airstrips were not "goods" within the meaning of the Act. 29 U.S.C.A. § 203(i); Noonan v. Frusco Construction Company, 8 Cir., 1943, 140 F.2d 633; Engebretsen v. E. J. Albrecht Co., 7 Cir., 1945, 150 F.2d 602; Kenney v. Wigton Abbott Corporation, D. C.N.J., 1948, 80 F.Supp. 489; 29 C.F.R. (1949 Ed.) Cum.Poc.Supp. Sec. 776.20(b), n. 38.

638

■ One final fact should be mentioned with respect to the inapplicability of the provisions of the Fair Labor Standards Act to the plaintiffs in this case. All the work performed by all of the plaintiffs was within the territorial limits of the Dominion of Canada, with the exception of the work performed by the plaintiff Tilley during the period beginning May 21, 1943, and ending January 25, 1944. The geographical coverage of the Fair Labor Standards Act has been limited by Congress to the territorial boundaries of the United States, its territories and possessions. 29 U.S.C.A. § 203(b) and (c); Vermilya Brown Co. v. Connell, 335 U.S. 377, 386, 69 S.Ct. 140, 93 L.Ed. 76; Bernhard v. Metcalfe Construction Co., D.C.Neb., 1946, 64 F.Supp. 953. Therefore, the work done by the plaintiffs in Canada does not come within the scope of the Act.

### 3. Reliance on Administrative Rulings

■ In performance of the construction contracts, the defendants, Metcalfe Construction Company, Hamilton Construction Company and Kansas City Bridge Company, were obligated to submit to the Labor Relations Branch, acting on behalf of the contracting officer, all questions relating to the classification, salary and overtime payments of each employee. All payrolls showing basic salary and overtime compensation payments were duly approved by the contracting officer of the U. S. Army Engineers. The defendants relied upon and conformed to regulations contained in contract negotiations and in Division Circular Letters Nos. 97 and 98. In issuing any directives and instructions to the Metcalfe-Hamilton-Kansas City Bridge Construction Companies, the Chief, Labor Relations Branch, Contracting Officer, and all officers of the U. S. Army Engineers, acted in good faith and they believed that such directives conformed to the requirements of the Fair Labor Standards Act of 1938. At all times, the defendants, Metcalfe-Hamilton-Kansas City Bridge Construction Companies acted in good faith, adhered to and conformed with such directives and that any violation of the Fair Labor Stand-

ards Act of 1938, as alleged in the instant suit, was a result solely of good faith, conformance with, and reliance upon valid orders of the War Department as promulgated by said Office of the Northwest Engineer. These facts, stipulated by the parties, establish for defendants a complete defense to this action under Section 9 of the Portal to Portal Act, 29 U.S.C.A. § 258, which provides: "In any action or proceeding commenced prior to or on or after May 14, 1947 based on any act or omission prior to May 14, 1947, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation, of any agency of the United States, or any administrative practice or enforcement policy of any such agency with respect to the class of employers to which he belonged. * * *"

The constitutionality of this section is settled. Rogers Cartage Co. v. Reynolds, 6 Cir., 1948, 166 F.2d 317, 3 A.L.R.2d 1090; Darr v. Mutual Life Insurance Co., 2 Cir., 1948, 169 F.2d 262. Consequently, since the failure to pay the overtime claimed occurred prior to May 14, 1947, plaintiffs' claims are barred. Lassiter v. Guy F. Atkinson Co., 9 Cir., 1949, 176 F.2d 984.

### 4. Conclusion

In view of what has already been stated by the court, it is clear that plaintiffs are not entitled to recover in this action and it becomes unnecessary therefore to consider the defendants' contention that plaintiffs were exempt from the Act by reason of the provisions relating to Administrative and Executive employees.

Counsel for defendants shall prepare and submit for approval the appropriate judgment to be entered in accordance with this memorandum.