DAVES et al. v. HAWAIIAN DREDGING CO., Limited, et al.

Civ. A. No. 674.

United States District Court. Hawaii.

Sept. 10, 1953.

Landau & Fairbanks, (Samuel Landau, Honolulu, Hawaii), for plaintiffs.

Warren E. Burger, Asst. Atty. Gen., A. William Barlow, U. S. Atty., Honolulu, Hawaii, Marvin C. Taylor, Atty., Department of Justice, Washington, D.C., for defendant Hawaiian Dredging Co., Limited.

McLAUGHLIN, Chief Judge.

**1. The Motion to Dismiss**

■ This motion is based upon failure to state a claim upon which relief can be granted under Rule 8, Fed.Rules Civ.Proc., 28 U.S.C.A. Rules 8 provides, in part:

"A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment * * *."

This court thinks that the requirements of Rule 8 are not met by a mere "notice of disaffection" to the opposite party. See Lasky, Memorandum for the Committee on Rule 8, 13 F.R.D. 275, 276. This is the implication we find necessarily flowing from sub-section (2) of sub-paragraph (a) of Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief". Apparently the only practical way of making such a showing is to state the prima facie elements of the claim. Schaefer v. Macri, 9 Cir., 1952, 196 F.2d 162, certiorari denied 344 U.S. 832, 73 S.Ct. 38, 97 L. Ed. ——; Patten v. Dennis, 9 Cir., 1943, 134 F.2d 137, at page 138; Foley-Carter Ins. Co. v. Commonwealth Ins. Co., 5 Cir., 1942, 128 F.2d 718; Fleming v. Dierks Lbr. and Coal Co., D.C.W.D.Ark.1941, 39 F.Supp. 237, at pages 242–243. These elements should be indicated by operative facts, in order that entitlement to relief can be *shown* by the complaint. Pierce v. Wagner, 9 Cir., 1943, 134 F.2d 958; Eli E. Albert, Inc., v. Dun and Bradstreet, D.C.S.D.N.Y. 1950, 91 F.Supp. 283, at page 284.

■ Thus it seems to be the purpose of Rule 8 to relieve the pleader from the niceties of the dotted $i$ and the crossed $t$ and the uncertainties of distinguishing in advance between evidentiary and ultimate facts, while still requiring, in a practical and sensible way, that he set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery. Lane Bryant, Inc., v. Maternity Lane, Ltd., of Calif., 9 Cir., 1949, 173 F.2d 559 at page 563. Therefore, if a pleader cannot allege definitely and in good faith the existence of an essential element of his claim, it is difficult to see why this basic deficiency should not be exposed at the point of minimum expenditure of time and money by the parties and the court.

■ Similarly, when the claim rests entirely upon a statute, it seems almost elementary that the defendant be entitled, without being forced to go into further procedures, to demand sufficient informative facts from the complaint to show that the plaintiff, if his facts be true, is actually within the terms of the statute in making his claim.

■ Section 216(b) of 29 U.S.C.A. gives a cause of action to employees engaged in interstate commerce, or in the production of goods for commerce, to recover money due them through failure of their employers to pay them the minimum wages and/or overtime pay as prescribed by Sections 206 and

207 of the same code. Under the provisions of the statute, at least one point emerges as being basic to the plaintiffs' right of recovery. That point is that the cause of action accrues only to employees in commerce, or who are producing goods for commerce, and such an allegation as pertaining to the plaintiff is essential to the statement of his claim under this statute. 29 U.S.C.A. §§ 206, 207, 216(b); Clyde v. Broderick, 10 Cir., 1944, 144 F.2d 348.

■ Due to the statutory origin of this claim, this allegation also appears to be a jurisdictional requisite. Gates v. Graham Ice Cream Co., D.C.Neb.1940, 31 F.Supp. 854; Baggett v. Henry Fischer Packing Co., D.C.W.D.Ky.1941, 37 F.Supp. 670.

■ On whether the employee is in commerce, the application of the Act is not tested by whether the employee's activities affect or indirectly relate to interstate commerce, but by whether they are in or so closely related to the movement of commerce as to be part of it. Employee activities, outside this movement, insofar as they are covered by the Act, are governed by the phrase "production of goods for commerce." Further, it is immaterial whether the employer is engaged in interstate commerce; it is the work of the employee which is decisive. McLeod v. Threlkeld, 1943, 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538. Thus the determination of the obligation to pay the statutory minimum wage to each employee becomes an individual matter as to the nature of the employment of the particular employee. Foster v. National Biscuit Co., D.C.W.D. Wash.1940, 31 F.Supp. 552, at page 553.

■ The complaint in the instant case alleges in effect that the defendants were operating in areas subject to the jurisdiction of the United States, under contracts with the United States or some department thereof; that the 4646 plaintiffs were doing work pursuant to contract which was necessary to interstate commerce in that they did transportation and erection of materials, worked as artisans of various types in the construction trades, and did general clerical work, essential to the construction contracted for by the defendants. No-

where in the complaint is there any factual reference to the locations of this work, or the purpose of the alleged transportation, stacking and installing, or in regard to what structures or facilities all this was done. There is no connection alleged between the few alleged facts and any interstate commerce as defined in the Fair Labor Standards Act, other than the bald claim that whatever was done was necessary to interstate commerce. We find no facts indicating that plaintiffs were engaged in commerce or so close thereto as to become a part of it. See Kam Koon Wan v. E. E. Black, Ltd., 9 Cir., 1951, 188 F.2d 558, at page 562, certiorari denied 1951, 342 U.S. 826, 72 S.Ct. 49, 96 L.Ed. 625; and McDaniel v. Brown and Root, 10 Cir., 1949, 172 F.2d 466, 471. Nor are there any allegations which lead to the conclusion that the plaintiffs were engaged in the production of goods for commerce, and in order to receive the benefits of the Act, employees must be engaged in commerce or in a process or operation necessary to the production of goods for commerce. That their activities may affect commerce is not sufficient. Walling v. Goldblatt Bros. Inc., 7 Cir., 1942, 128 F.2d 778, certiorari denied 318 U.S. 757, 63 S.Ct. 528, 87 L.Ed. 1130.

Further allegations that plaintiffs do not know the number of weeks or hours they themselves worked, the types of work they did, or the amounts of money paid to them tend to negate the existence of a claim and the good faith assertion of belief that a claim exists.

We therefore hold that the amended complaint does not spell out a cause of action or claim as required by the rule, for no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief. General allegations in this regard are insufficient, and those set forth in this complaint are mere sketchy generalizations of a conclusionary nature unsupported by operative facts.

2. The Motion for Summary Judgment

Rule 56(b) of the Federal Rules of Civil Procedure provides in part that a party against whom a claim is asserted may at any time move with or without supporting

affidavits for a summary judgment in his favor as to all or any part thereof. Subsection (c) provides in part that the adverse party may serve opposing affidavits, and that judgment shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

■ In claims of this nature under the Fair Labor Standards Act, where the employment relates to construction of new facilities, employees of construction contractors are not engaged in commerce, even though the structures will on completion be used in commerce, or in the manufacture of goods for commerce. See: Reed v. Murphey, 5 Cir., 1948, 168 F.2d 257, affirmed on this point, Murphey v. Reed, 1948, 335 U.S. 865, 69 S.Ct. 105, 93 L.Ed. 410; Kam Koon Wan v. E. E. Black, Ltd., 9 Cir., 1951, 188 F.2d 558, at page 562; certiorari denied 1951, 342 U.S. 826, 72 S. Ct. 49, 96 L.Ed. 625; Ritch v. Puget Sound Bridge & D. Co., 9 Cir., 1946, 156 F.2d 334, at page 337 (new buildings); McDaniel v. Brown and Root, 10 Cir., 1949, 172 F.2d 466, at page 471; Scholl v. McWilliams Dredging Co., 2 Cir., 1948, 169 F. 2d 729, at page 732; Parham v. Austin Co., 5 Cir., 1946, 158 F.2d 566, at page 568; Nieves v. Standard Dredging Co., 1 Cir., 1945, 152 F.2d 719, at page 721; Byrne v. Metcalfe Const. Co., D.C.Neb.1951, 99 F. Supp. 635, 637.

One ground for this motion by the defendants, supported by their affidavits and not denied by the plaintiffs, is that their construction contracts were with the United States Government, and the provisions of these contracts set up in considerable detail the nature of the work contracted for as all new construction, and its location. Location has some bearing on the nature of the work for our purposes, since it appears that in all cases the construction was in areas previously uninhabited, or unoccupied by any similar facilities, so that all construction involved in the contracts (and their later modifications) appears to have been new construction and not repair or addition to existing facilities.

Whatever there is in opposition to these allegations is contained in affidavits of two or three of the plaintiffs, which two or three were present at the time as both laborers and union officials. In effect they say they kept no records, but seem to remember having done some dredging and dumping of coral on the shore. This certainly does not contradict or deny the statements of the affiants who support the motion for summary judgment, but tends to support them as much as to deny them. These affiants also seem to remember hearing other workers say they had been working on repairing or extending piers, but this violates the express conditions imposed by subsection (c) of Rule 56 to the effect that affidavits shall be made upon personal knowledge and set forth such facts as would be admissible in evidence.

■ In short, it appears that no genuine issue of fact on this point is presented by plaintiffs' opposing affidavits. Consequently we think it clear that the Act did not apply to the work involved because it was not done in commerce, nor is there any reason to believe there was any production of goods for commerce in this work.

Another contention advanced by the defendants is that the Act did not apply to these areas, since their history of having been uninhabited or outside the jurisdiction of the United States indicates that Congress could not have intended application of United States labor laws there—particularly where there were no people in the areas to observe them. Plaintiffs concede that the Act did not apply to so much of the work as was done in the Philippine Islands.

■ Where the work done was in possessions of the United States, however, such as Guam, Johnston Island, American Samoa, and so forth. I am satisfied that the Act was there in effect. Vermilya-Brown Co. v. Connell, 1948, 335 U.S. 377, 69 S.Ct. 140, 93 L.Ed. 76; Cuascut v. Standard Dredging Co., D.C.Puerto Rico 1950, 94 F.Supp. 197.

Compare, Byrne v. Metcalfe Const. Co., D.C.Neb.1951, 99 F.Supp. 635. However, under the discussion above, there was nothing in the way of work done in these locations to which the Act could apply, as it was not done by persons in commerce, or producing goods for commerce.

Finally, the defendants produce facts by affidavit, which are not denied, indicating an adequate defense to the action. Under the Portal to Portal Act of 1947, 29 U.S.C. A. §§ 251 et seq., 258, in any action commenced before or after May 14, 1947 and based on any act or omission prior to May 14, 1947, no liability is to exist under the Fair Labor Standards Act (among others) for any act or omission prior to May 14, 1947, if the employer pleads and proves that the act or omission complained of was in good faith in conformity with, and in reliance on any administrative ruling, regulation, approval, etc., of any agency of the United States.

It appears from these affidavits that the original contracts provided for approval and fixing by the Navy of forms of individual employment contracts, rates of pay, hours of work, and overtime pay. They also establish that the Navy, as an agency of the United States, ruled that the Fair Labor Standards Act did not apply to the work under the contracts here involved, and that payment for overtime was not required except as stated in the individual employment contracts of the employees. This is reinforced by the Navy contract provisions that no reimbursement would be paid to the contractors for wages except if they were paid to the employees in accord with the provisions of the principal contracts.

The sum total of these undenied facts is that a complete defense is shown to exist between the beginning of work under the contracts and the end of military control in Hawaii, and that thereafter for the brief time remaining, the provisions of the Act were complied with. The Navy Department contractual provisions relative to employment practices have the same effect as a ruling, order or interpretation; they were made by an officer or organization clearly qualifying to speak for an agency of the United States, with the authority to act with the sanction of government behind them fully as much through signing a contract as through signing a letter, which was found sufficient in Lassiter v. Guy F. Atkinson Co., 9 Cir., 1949, 176 F.2d 984, at page 991, 21 A.L.R.2d 1313.

These were followed consecutively by more specific rulings by both the Navy and the Secretary of Labor which covered all work done under the contracts; they also constitute the same defense to the action, under 29 U.S.C.A. § 258, since they were rulings of agencies of the United States, upon which the reliance in good faith by the defendants appears not to be an issue. Blessing v. Hawaiian Dredging Co., D.C. D.C.1948, 76 F.Supp. 556. See also, Kam Koon Wan v. E. E. Black, Ltd., 9 Cir., 1951, 188 F.2d 558, certiorari denied 1951, 342 U.S. 826, 72 S.Ct. 49, 96 L.Ed. 625.

For the reasons expressed above, the motion for summary judgment is granted.

3. The Motion for Production of Documents

Although this motion has a general relationship to the issues decided in the previous two rulings, it has been held in abeyance pending the determination of the merits of the other motions.

An employer must make, keep and preserve such records of the persons employed by him, and the wages, hours and other conditions and practices of employment he maintains, and shall preserve these records for such periods of time, and shall make such reports therefrom to the Administrator, as the Administrator shall prescribe, for the purpose of enforcement of the sections of the Fair Labor Standards Act, 29 U.S.C.A. § 211(c).

There is no requirement, however, that the employer do more than to make, keep and preserve them; he is not obliged to keep the records in a form intelligible to the employee, or at a place which meets with the employee's convenience. Further, the employer is not required to make the records available to a potential plaintiff to enable him at the expense of the employer to find out if he has a cause of action, or to enable him to set out a cause of action sat-

isfactorily under the requirements of Rule 8, F.R.C.P.

Rule 34, relating to the power of the court to order, upon motion of any party, on a showing of good cause, the production of documents and records, can be invoked only after it is ruled or conceded that the party plaintiff has met the requirements of Rule 8, and has stated a claim upon which relief could be granted—a cause of action. See: Fishman v. Marcouse, D.C.E.D.Pa.1940, 32 F.Supp. 460; Fleming v. Dierks Lbr. & Coal Co., D.C.W. D.Ark.1941, 39 F.Supp. 237, at page 240.

The pending motion for production of documents is denied, for the reason that Rule 8 has not been satisfied by the movants (plaintiffs), and because there is no law casting this burden and expense upon the employer.