Stanley BLACK, a minor, by Mr. & Mrs. Aubrey Black, his parents and next friend, et al., Plaintiffs,

v.

The BOARD OF EDUCATION OF AMI-TYVILLE, NEW YORK, et al., Defendants.

No. 62–C–284.

United States District Court E. D. New York.

June 4, 1962.

Herman A. Austin, Amityville, N. Y., Robert L. Carter, Maria L. Marcus, Jawn A. Sandifer, New York City, for plaintiffs.

James F. Conway, Rockville Center, N. Y., for defendants.

BRUCHHAUSEN, District Judge.

This is a class action brought on behalf of all Negro children situated in Amityville School District No. 6, Babylon, New York. The plaintiffs primarily seek an injunction enjoining the defendants from requiring them to be registered in a racially segregated public elementary school, also requiring the defendants to register the plaintiffs in a public elementary school, racially integrated.

The complaint in essence charges the defendants with a conspiracy to violate the plaintiffs' rights, guaranteed by the Fourteenth Amendment to the Constitution of the United States.

Jurisdiction is invoked pursuant to 28 U.S.C.A. § 1331, 28 U.S.C.A. § 1343(3), 28 U.S.C.A. §§ 2201, 2202 and 42 U.S. C.A. §§ 1981, 1983.

The defendants move pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. for an order dismissing the complaint for failure to state a claim upon which relief can be granted. Jurisdiction is conceded under 28 U.S.C.A. § 1343(3). However, the defendants question the sufficiency of the complaint.

Briefly stated, the defendants urge that whichever section the plaintiffs rely upon, facts must be alleged wherefrom the Court can determine that the pleader is entitled to relief and not broad conclusions.

The plaintiffs have properly brought this class action for declaratory judgment for a determination of their rights. Johnson v. Board of Trustees of University of Kentucky, D.C., 83 F. Supp. 707; Watchtower Bible & Tract Soc., Inc. v. Los Angeles County, Cal.,

D.C., 84 F.Supp. 352, affirmed 9 Cir., 181 F.2d 739, certiorari denied 340 U.S. 820, 71 S.Ct. 51, 95 L.Ed. 602.

■ Rule 8(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides in part:

"A pleading * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

It is settled that a statement by the plaintiff to the effect that he feels aggrieved is insufficient. Daves v. Hawaiian Dredging Co., Ltd., D.C., 114 F. Supp. 643.

■ Since the advent of the new Rules which are liberally construed, the pleading of facts is not required. The true test is whether the pleading gives fair notice and states the elements of the claim plainly and concisely, and not whether it states facts or conclusions. Various circuits required the pleading of facts. The law was settled in United States v. Employing Plasterers Association of Chicago (1954), 347 U.S. 186, 74 S.Ct. 452, 456, 98 L.Ed. 618. That Court held, in part:

"Whether these charges be called 'allegations of fact' or 'mere conclusions of the pleader,' we hold that they must be taken into account in deciding whether the Government is entitled to have its case tried.

* * * * * *

"And where a bona fide complaint is filed that charges every element necessary to recover, summary dismissal of a civil case for failure to set out evidential facts can seldom be justified. If a party needs more facts, it has a right to call for them under Rule 12(e) of the Federal Rules of Civil Procedure. And any time a claim is frivolous an expensive full dress trial can be avoided by invoking the summary judgment procedure under Rule 56."

There is no requirement that the pleading state facts, ultimate facts or facts sufficient to constitute a cause of action. In Dioguardi v. Durning, 2 Cir., 139 F. 2d 774, Judge Clark writing for the Court, stated:

"Under the new rules of civil procedure, there is no pleading requirement of stating 'facts sufficient to constitute a cause of action,' but only that there be 'a short and plain statement of the claim showing that the pleader is entitled to relief.' "

The purpose of the pleadings under the Federal Rules is to give fair notice to the adverse party to answer and prepare for trial. See cases cited in Moore's Federal Practice, 2nd Ed. Vol. 2, page 1649, n. 6.

■ The pleading must still state a right of action and not a mere grievance. Sufficient detail must be furnished to the court and the adverse party so as to afford a fair conception of the plaintiff's claim and a legal basis for recovery. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. See Moore's Federal Practice, 2nd Ed. Vol. 2, page 1653, n. 16. The boundary of good pleading is well described in Dioguardi v. Durning, supra.

■ The complaint herein charges the defendants with a conspiracy in violation of the plaintiffs' rights guaranteed under the Fourteenth Amendment of the Constitution. To conclude, after examining it, that the plaintiffs could not possibly produce sufficient evidence to sustain their position would be unwarranted.

Motion denied. Settle order on five (5) days' notice.