UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

FILED
Clerk
District Court

JUN 13 1986

For The Northern Mariana Islands
By_____
(Deputy Clerk)

ROSITA L. DAVID,                    )          DCA NO. 85-9010
                                    )
          Plaintiff-Appellant,      )
                                    )
               vs.                  )              OPINION
                                    )
LOURDES P. CAMACHO,                 )
                                    )
          Defendant-Appellee.       )
_____)

          Attorney for Appellant:      Reynaldo O. Yana
                                       P. O. Box 52
                                       Saipan, CM  96950

          Attorney for Appellee:       Jesus C. Borja
                                       P. O. Box 1309
                                       Saipan, CM  96950

BEFORE:  Judges LAURETA, DUENAS and REAL*, District Judges

LAURETA, District Judge:

          Rosita L. David (David), appellant, filed a complaint
with the Labor Department against her former employer, Lourdes P.
Camacho (Camacho), appellee, claiming she had been terminated
without cause and that she had not been paid for her services.
The Labor Department ruled in favor of Camacho and on appeal the

_____

     *Honorable Manuel L. Real, Chief Judge, United States District
Court, Central District of California, sitting by designation.

719

Commonwealth Trial Court affirmed. In this appeal, David raises three issues:

> (1) whether the evidence showed that she was required to work in Camacho's store and is therefore entitled to compensation for those services;
>
> (2) whether she is entitled to unpaid wages for the time she spent in Camacho's mother-in-law's house;
>
> (3) whether Title 29 U.S.C. §207 (the maximum hours provision of the Fair Labor Standards Act of 1938) applies in the Commonwealth.

For the following reasons we affirm the decision of the Commonwealth Trial Court.

Camacho and David entered into an employment contract on March 25, 1983, by which David was to serve as a live-in-maid for Camacho for a period of one year at a rate of $150.00 per month. The contract states that the employee "shall perform at the Employer's discretion those duties customarily perform [sic] in the assigned job classification in the Commonwealth."

In March, 1983, David arrived in Saipan and began working as Camacho's maid and living in a room at Camacho's house. In June, 1983, Camacho moved into another house bringing David with her. This house was attached to a garage from which the Camachos operated a feed business. One of David's duties as a maid was to answer the front door of the house. The callers were both social and business callers. When responding to a business caller, David was instructed to communicate the order to Camacho. On occasion, David assisted customers in carrying feed

from Camacho's store to the customer's car. In July, 1983, David began sleeping in Camacho's mother-in-law's house approximately 150 feet from Camacho's house. She retained the option to sleep in Camacho's house.

1 C.M.C. §9112(2)(E) provides that agency findings should be upheld where a reviewing court determines there is substantial evidence to support them. Therefore, this Court will affirm the findings from below if there is "relevant evidence such that a reasonable mind might accept as adequate to support a conclusion." 2 Fed.Proc. L.Ed. §2.233.

David argues that she should be paid as a store clerk for answering the door for customers and for carrying feed to their cars. David was required to answer the door as part of her services as a live-in-maid. Naturally, she could not know a caller's purpose until she answered the door and inquired into the nature of the visit. Appellant's argument, that upon learning that a caller's purpose was to purchase feed she should have closed the door in the person's face is unreasonable. So too is her argument that Camacho should have hired a second person to answer the door for store customers since this duty was not within the ambit of her job as a maid.

There was substantial evidence which indicated that David only rarely carried feed for customers and that she did so on a purely voluntary basis. She is not entitled to compensation for these voluntary services.

David also contends that she should be compensated for

the time she spent in the mother-in-law's house. David slept in a storage area in Camacho's house but she had her own room at the mother-in-law's house. She retained the option to stay in Camacho's house though she chose not to exercise that option. Though David alleged she performed numerous duties for the mother-in-law including cooking and cleaning the evidence indicated that this was not the case and she is not entitled to additional compensation for these alleged services.

David's final contention is that she should receive overtime wages pursuant to Title 29 U.S.C. §207 because she regularly worked more than forty hours per week. Title 29 U.S.C. §207 states that:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
>
> . . .

David argued unsuccessfully before the Labor Department that §207 applies in the Commonwealth. On appeal the Commonwealth Trial Court correctly concluded that §207 does apply in the Commonwealth. See 29 U.S.C. §203(c) ("State" means "any State of the United States or the District of Columbia or any territory or possession of the United States"; in accord, Daves v. Hawaiian Dredging Co., 114 F.Supp. 643, 647 (D.Haw. 1953)

722

(Title 29 applies to Guam, Johnston Islands and American Samoa and thus applies to the Northern Mariana Islands as well. <u>See</u> Covenant, Sec. 502(a)(2)). But, as the trial court pointed out live-in-maids are specifically exempted from the maximum hour provision of §207 by §213(b) so David must fail here also. (Sec. 213(b): "The provisions of Section 7 [29 U.S.C. §207] shall not apply with respect to.. [21] any employee who is employed in domestic service in a household and who resides in such household.")

David's appeal is predicated primarily on a disagreement with the factual findings of the Labor Department and the trial court. As appellant knows, such findings will not be disturbed by an appellate court if the record below reveals evidence to support such findings. We find no reason in this case to disturb those findings.

Appellant's reading and interpretation as to the applicability of Title 29 U.S.C. to the Northern Mariana Islands is clearly erroneous.

Camacho's attorney has requested that this Court award double costs including attorney's fees to compensate his client for the costs of defending what he deems a frivolous appeal. Rule 18 of the appellate rules of this Court provides that:

> If the District Court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

"An appeal is frivolus when the arguments are entirely without

merit and when the result is obvious." Unt v. Aerospace Corp., 765 F.2d 1440 (9th Cir. 1985)(citing NLRB v. Catalina Yachts, 679 F.2d 180 (9th Cir. 1982). We find both to be true here and we award appellee double costs to be borne jointly and severally by appellant and her counsel. Appellee shall submit a bill of costs.

The decision of the Commonwealth Trial Court is affirmed.

_____
JUDGE ALFRED LAURETA

_____
JUDGE CRISTOBAL C. DUENAS

_____
JUDGE MANUEL L. REAL